# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIWAYWAY DELINO,<br><br>               Plaintiff,<br>vs.<br><br>PLATINUM COMMUNITY BANK; MINT FINANCIAL; TAYLOR BEAN & WHITAKER MORTGAGE GROUP; ALL OTHER CLAIMANTS of whatsoever kind and character against real property commonly known as 1846 E. 8th St., National City, CA 91950; APN 557-200-10-00; and DOES 1 through 100, inclusive,<br><br>               Defendants. | **CASE NO. 09-CV-00288-H (AJB)**<br><br>**ORDER GRANTING DEFENDANTS PLATINUM & TB&W'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

On February 17, 2009, Defendant Taylor Bean & Whitaker Mortgage Corp. ("TB&W") removed this case from the Superior Court of California in and for the County of San Diego. (Doc. No. 1.) On May 21, 2009, the Court granted Defendants TB&W and Platinum Community Bank's ("Platinum") motion to dismiss the complaint with leave to amend. (Doc. No. 13.) On June 19, 2009, Plaintiff filed an Liwayway Delino filed a first amended complaint ("FAC"). (Doc. No. 14.) Defendants TB&W and Platinum moved to dismiss the FAC on July 6, 2009. (Doc. No. 16.) Plaintiff did not file a response in opposition. On July 21, 2009, Defendants TB&W and Platinum filed a reply noting that Plaintiff failed to oppose the motion.

(Doc. No. 18.)

The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines this matter is appropriate for resolution without oral argument and submits it on the parties' papers. For the reasons set forth below, the Court grants Defendants' motion to dismiss.

## **Background**

Plaintiff's complaint arises from foreclosure proceedings on her home. Plaintiff alleges causes of action for (1) violation of RESPA, 12 U.S.C. § 2605 et seq.; (2) violation of Truth in Lending Act, 15 U.S.C. § 1601 et seq.; (3) violation of California Civil Code § 1632 et seq.; (4) negligent misrepresentation; (5) fraud; (6) rescission; (7) quasi-contract; and (8) determination of validity of lien. (Doc. No. 14, FAC.)

Plaintiff is the owner of real property commonly known as 1846 E. 8th Street, National City, CA 91950, County of San Diego (the "Property"). (Id. ¶ 1.) On or about March 16, 2007, Plaintiff, at the request of Defendant Mint Financial ("Mint"), Defendant Platinum and others, obtained loan # 10171 from Defendant Platinum. (Id. ¶ 13.) Plaintiff alleges that Platinum was the originating lender, Mint was the broker, and TB&W was the servicer. (Id. ¶¶ 2-4.) Plaintiff's FAC is based on alleged wrongful acts of the Defendants before the initiation of the loan as well as during the servicing period of the loan. (Id. ¶ 14.) Plaintiff alleges that "[p]rior to the funding of the loan, Mint and/or Platinum represented to Plaintiff that very favorable loans, loan terms and interest rates were available to him." (Id. ¶ 14.) "As a result, Broker [Mint], Platinum and others convinced Plaintiff to purchase the Subject Property and to take out on a loan for that purpose with Platinum." (Id. ¶ 14.) Plaintiff alleges, on information and belief, that "Mint, Platinum and Defendants knew or intended that Plaintiff receive a worse loan, and that the worse loan produced a higher commission for them because it was at a higher interest rate and subject to higher fees," and that "Mint, Platinum and Defendants knew or should have known that in the event of Plaintiff's inability to perform on the loan, prepayment penalties, commissions and other foreseeable charges to Plaintiff would constitute an additional payment stream to the benefit of Defendants." (Id. ¶ 14.)

Plaintiff alleges that despite these representations concerning the loan, the loan was not

1  as represented because it was at a higher interest rate, the payments were higher than agreed
2  upon, there was less equity in the Property than represented, there was less money available
3  to Plaintiff than represented, and the loan became unaffordable for Plaintiff.  (Id. ¶ 15.)
4  Plaintiff further alleges that Defendants failed to provide Plaintiff a proper notice of the right
5  to cancel at the time of the transaction and did not provide accurate disclosures of the costs of
6  financing, APR, payment obligations, or the type of loan at the time of the transaction and
7  subsequent to the time of transaction.  (Id. ¶ 16.)  Plaintiff alleges that the loan and related
8  contracts contain conflicting terms that are not reasonably amenable to understanding by a
9  consumer.  (Id. ¶ 17.)

10  Plaintiff alleges that when Plaintiff discovered the false, misleading, and unlawful acts
11  of Defendants that Plaintiff provided a notice of rescission and tendered performance by
12  delivery of the deed conveying title to the Property to Platinum, but that Platinum failed to
13  respond timely and therefore Defendants have forfeited any right of title or interest in the
14  Property.  (Id. ¶ 20.)  According to Plaintiff, TB&W and Defendants "knew or should have
15  known of the notice of rescission, and the dispute between Plaintiff, Mint, Platinum and other
16  defendants, and that TBW purported to acquire rights in the Subject Premises only subject to
17  the claims, offsets, and liabilities owned by any and all Defendants to Plaintiff."  (Id. ¶ 21.)
18  Plaintiff alleges that TB&W and other Defendants "purchased or otherwise acquired unknown
19  rights and/or responsibilities relating to Plaintiff's loan from Platinum at some date unknown
20  to Plaintiff."  (Id. ¶ 22.)  Plaintiff alleges that, "[a]ll Defendants are agents, employees and
21  other fiduciaries of each other."  (Id. ¶ 27.)

22  Based on the alleged misconduct, Plaintiff brought action against moving Defendants
23  Platinum and TB&W for violations of state and federal law.  Platinum and TB&W move to
24  dismiss Plaintiff's FAC pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state
25  a claim upon which relief may be granted.

26  **Discussion**

27  **I. Motion to Dismiss Pursuant to 12(b)(6)**

28  A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests

the legal sufficiency of the claims asserted in the complaint. Navarro v. Black, 250 F.3d 729, 731 (9th Cir. 2001). A complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) to evade dismissal under a Rule 12(b)(6) motion. Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964–65 (2007). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting id. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–36 (3d ed. 2004)). "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir.1996); see also Twombly, 127 S.Ct. at 1964–65.

**A. Real Estate Settlement Procedures Act**

The Federal Real Estate Settlement Procedures Act ("RESPA") requires that "[i]f any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days . . . unless the action requested is taken within such period." 12 U.S.C. §2605(e)(1)(A). RESPA also provides that, "[e]ach servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing

of the loan to any other person" and that "[d]uring the 60-day period beginning on the effective date of transfer of the servicing of any federally related mortgage loan, a late fee may not be imposed on the borrower." 12 U.S.C. § 2605(b)(1) & (d). "Servicer" is defined in the statute as, "the person responsible for servicing of a loan (including the person who makes or holds a loan if such person also services the loan)." 12 U.S.C. § 2605(i)(2).

Plaintiff alleges that she sent Platinum a Qualified Written Request ("QWR") on October 8, 2007 and that Platinum failed to provide the requested information, including who the servicer of the loan was. (FAC ¶ 30.) Plaintiff also alleges that on October 16, 2008, Platinum wrote a letter to Plaintiff informing Plaintiff that TB&W was the new loan servicer. (Id. ¶ 31.) Plaintiff alleges on information and belief that prior to this, Platinum and/or its affiliated companies was the loan servicer. (Id. ¶ 31.) Plaintiff alleges that on June 3, 2008, she sent a request for rescission along with a quit claim deed tendering the property. (Id. ¶ 32.) Plaintiff alleges that on November 20, 2008, she sent another QWR to Platinum and TB&W and that neither Defendant responded to the QWR within 60 days. (Id. ¶ 33.) Plaintiff also alleges that Platinum, TB&W and other Defendants were required to give Plaintiff notice of transfer and that Platinum, TB&W and other Defendants improperly imposed a late fee on Plaintiff within 60 days of the loan transfer. (Id. ¶¶ 36-37.)

The Court concludes that Plaintiff fails to state a claim under RESPA. Plaintiff only makes conclusory allegations that she sent Platinum and TB&W QWRs on certain dates. However, Plaintiff does not attach any of the alleged QWRs to her FAC and does not allege facts to support the conclusion that what she allegedly sent Defendants meets the statutory requirements for QWRs, such as that the alleged QWRs contained information enabling the servicer to identify the name and account of the borrower and included a statement of the reasons for the belief of the borrower that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower. See 12 U.S.C. § 2605(e)(1)(B). Additionally, Plaintiff does not allege facts to allow the Court to draw a reasonable inference that Platinum and TB&W actually received the alleged QWRs, as Plaintiff does not allege to what address she sent such QWRs. See id. § 2605(e)(1)(A).

Accordingly, the Court dismisses Plaintiff's first cause of action based on Platinum and TB&W's failure to respond to QWRs with leave to amend.

The Court concludes that Plaintiff similarly fails to sufficiently plead her claim under 12 U.S.C. § 2605(b)(d) of RESPA for an improperly imposed late fee. Plaintiff alleges that on October 16, 2008, Platinum wrote her a letter informing Plaintiff that the new loan servicer was TB&W. (FAC ¶ 31.) Plaintiff also alleges that Defendants Platinum, TB&W and other Defendants improperly imposed a late fee on Plaintiff within 60 days of the loan transfer. (Id. ¶ 37.) Plaintiff does not allege when any such late fee was assessed and what entity specifically imposed the alleged late fee. Plaintiff's legal conclusion that, "Platinum, TB&W and other Defendants improperly imposed a late fee on Plaintiff within 60 days of the loan transfer" is insufficient to put Platinum and TB&W on notice of their alleged wrongful conduct. Accordingly, the Court dismisses Plaintiff's claim for improper assessment of a late fee in violation of RESPA with leave to amend.

**B. Truth In Lending**

The federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq., seeks to protect credit consumers by mandating "meaningful disclosure of credit terms." 15 U.S.C. § 1601(a). Its provisions impose certain duties on creditors. The statute itself defines "creditor" as referring only to "the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness." 15 U.S.C. § 1602(f). TILA has been amended to extend liability to assignees of the original creditor in certain situations. 15 U.S.C. § 1641(a). However, this provision applies "only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement, except where the assignment was involuntary." Id.

Plaintiff alleges that Defendants violated 15 U.S.C. § 1635(a) and Regulation Z § 226.23(b), 12 C.F.R. § 226.23, by failing to provide required notices and disclosures at the initiation of the loan correctly identifying the transaction, clearly and conspicuously disclosing the right to rescind the transaction three days after delivery of the required disclosures, clearly and conspicuously disclosing how to exercise the right to rescind, clearly and conspicuously

disclosing the effects of rescission, and clearly and conspicuously disclosing the date the rescission period expired. (FAC ¶ 41.) Plaintiff also alleges on information and belief that Mint, Platinum and TB&W violated TILA at the time of origination because the TILA disclosures were inaccurate, misleading and incomprehensible. (Id. ¶ 42.) Plaintiff seeks damages and rescission under TILA in causes of action two and six. (Id. ¶ 43, ¶¶ 68-72.)

The Court dismissed Plaintiff's causes of action in her complaint that were brought under TILA for failure to state a claim with leave to amend. (Doc. No. 13.) Plaintiff's FAC contains the exact same allegations as her complaint with respect to TILA and therefore the Court concludes that Plaintiff again fails to sufficiently plead a violation of TILA. (See Doc. No. 1, Compl. ¶¶ 36-40, pp. 19-20 ¶¶ 14-17; FAC ¶¶ 39-43, 68-72.) Plaintiff alleges that Mint and TB&W violated TILA at the time of origination, but Mint and TB&W were not the originating creditor, according to Plaintiff's FAC. (See FAC ¶¶ 2-4.) Plaintiff has not alleged that the TILA violations were apparent from the face of the disclosure statement and has not attached any disclosure statement to the complaint, and therefore has not sufficiently pled that Mint and/or TB&W can be held liable as assignees of the original creditor, Platinum. Plaintiff also does not allege what provisions of TILA Defendants violated other than allegations concerning disclosure of information relating to the right to rescission. (Id. ¶ 41.) However, the right to rescind does not apply to residential mortgage transactions and therefore Defendants had no duty to disclose information relating to the right to rescind. 15 U.S.C. § 1635(e). Accordingly, the Court concludes that Plaintiff fails to plead a claim under TILA against Platinum and TB&W for which relief may be granted.

Furthermore, Plaintiff's TILA claim for statutory damages against Platinum and TB&W is likely barred by the statute of limitations. A request for any damages under TILA is subject to a one year statute of limitations, typically running from the date of the loan execution. 15 U.S.C. §1640(e). Plaintiff's loan was executed on or about March 16, 2007 and this action was filed on January 14, 2009, with the amended complaint filed on June 19, 2009. (FAC ¶ 13.) Therefore, from the face of the FAC, Plaintiff's claim for statutory damages appears time-barred as Plaintiff alleges that the TILA violations occurred "at the initiation of the loan" and

1  "at the time of origination." (Id. ¶¶ 41 & 42.)  The Ninth Circuit has held equitable tolling of
2  civil damages claims brought under TILA may be appropriate "in certain circumstances," such
3  as when a borrower might not have had a reasonable opportunity to discover the
4  nondisclosures at the time of loan consummation. King v. State of California, 784 F.2d 910,
5  915 (9th Cir. 1986). Courts then have discretion to "adjust the limitations period accordingly."
6  Id. The applicability of equitable tolling often depends on matters outside the pleadings.
7  Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir. 1995) (citation omitted.)
8  Therefore, the determination "is not generally amenable to resolution on a Rule 12(b)(6)
9  motion." Id.  Here, however, Plaintiff has not alleged any facts that would entitle Plaintiff to
10 equitable tolling and alleges that the TILA disclosures given at the time of origination were
11 inaccurate, misleading, and incomprehensible, which seems to suggest that the alleged TILA
12 violations were apparent on the face of the disclosure. Despite the opportunity to amend to
13 allege such facts, Plaintiff restates the same allegations previously held insufficient.
14 Accordingly, the Court dismisses Plaintiff's claim for statutory damages under TILA.

15 　　　The Court dismissed Plaintiff's claim for rescission under TILA against Defendants
16 Platinum and TB&W with prejudice, as it fails as a matter of law under 15 U.S.C. § 1635(e).
17 (Doc. No. 13 at 9.)  Accordingly, the Court again dismisses Plaintiff's claim for rescission
18 under TILA against Platinum and TB&W with prejudice.

19 **C.  California Civil Code § 1632**

20 　　　Plaintiff's third cause of action is for a violation of California Civil Code § 1632.
21 Plaintiff alleges that she is a native Tagalog speaker and that the negotiations and transaction
22 were conducted primarily in Tagalog, but that no contract documents or disclosures were
23 delivered by Mint, Platinum and TB&W in Tagalog in violation of California Civil Code
24 §1632.  (FAC ¶¶ 44-46.) Plaintiff also alleges that Platinum provided all forms for the
25 origination of the loan to Mint, who subsequently provided them to Plaintiff.  (Id. ¶ 47.)
26 Plaintiff alleges that she has tendered the subject property back to Defendants along with a
27 notice of rescission. (Id. ¶ 48.)  California Code §1632 requires a translation of a contract or
28 agreement in the language in which the contract was negotiated be provided for a "loan or

1  extension of credit for use primarily for personal, family or household purposes where the loan
2  or extension of credit is subject to the provisions of Article 7 (commencing with Section
3  10240)." CAL. CIV. CODE §1632(b)(4).  Section 10204 in turn, applies to certain real estate
4  loans secured by real property that are negotiated exclusively by a real estate broker. CAL.
5  BUS. & PROF. CODE §10204.

6        Plaintiff fails to plead a cause of action against Platinum and TB&W for a violation of
7  § 1632, as Plaintiff does not allege that Platinum or TB&W was a real estate broker and thus
8  subject to the requirement to provide a translation. Plaintiff alleges that Defendant Mint was
9  the broker. (FAC ¶ 3.) Furthermore, TB&W is not alleged to have been involved in the
10 origination of the loan and thus cannot be liable for disclosure violations occurring at the time
11 of origination. Accordingly, the Court dismisses Plaintiff's cause of action for violation of
12 §1632 against Platinum and TB&W with prejudice.

13       The Court also notes that Plaintiff's claim under § 1632 may be barred by the applicable
14 statute of limitations. CAL. CODE CIV. PRO. § 340(a). Additionally, while Plaintiff alleges that
15 she tendered the subject property back to Defendants, Plaintiff has not alleged that she has or
16 can tender funds sufficient to effectuate a rescission of the loan, as required by § 1632(k). See
17 CAL. CODE CIV. PRO. § 340(a); CAL. CIV. CODE §§ 1632(k), 1691(b) (stating that to effect a
18 rescission, a party to the contract must, "[r]estore to the other party everything of value which
19 he has received from him under the contract").

20 **D. Negligent Misrepresentation**

21       "The elements of negligent misrepresentation are '(1) the misrepresentation of a past
22 or existing material fact, (2) without reasonable ground for believing it to be true, (3) with
23 intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the
24 misrepresentation, and (5) resulting damage.'" Nat'l Union Fire Ins. Co. v. Cambridge
25 Integrated Servs. Group, Inc., 171 Cal.App.4th 35, 50 (2009) (citation omitted).

26       Plaintiff alleges that "[p]rior to the funding of the loan, Mint and/or Platinum
27 represented to Plaintiff that very favorable loans, loan terms and interest rates were available
28 to him." (FAC ¶ 14.) "As a result, Broker [Mint], Platinum and others convinced Plaintiff to

1 purchase the Subject Property and to take out on a loan for that purpose with Platinum." (Id.
2 ¶ 14.) Plaintiff alleges, on information and belief, that "Mint, Platinum and Defendants knew
3 or intended that Plaintiff receive a worse loan, and that the worse loan produced a higher
4 commission for them because it was at a higher interest rate and subject to higher fees," and
5 that "Mint, Platinum and Defendants knew or should have known that in the event of
6 Plaintiff's inability to perform on the loan, prepayment penalties, commissions and other
7 foreseeable charges to Plaintiff would constitute an additional payment stream to the benefit
8 of Defendants." (Id. ¶ 14.) Plaintiff alleges that despite these representations concerning the
9 loan, the loan was not as represented because it was at a higher interest rate, the payments were
10 higher than agreed upon, there was less equity in the Property than represented, there was less
11 money available to Plaintiff than represented, and the loan became unaffordable for Plaintiff.
12 (Id. ¶ 15.) Plaintiff alleges that Defendants' representations were made with the intent of
13 inducing Plaintiff to act in reliance on those representations, that Plaintiff did rely on those
14 representations, and that Plaintiff was damaged as a result of Defendants' negligent
15 misrepresentations. (Id. ¶¶ 50-54.)

16 The Court concludes that Plaintiff fails to state a claim against TB&W and Platinum for
17 negligent misrepresentation. Nowhere in Plaintiff's allegations concerning false or misleading
18 statements does Plaintiff allege that TB&W made any false or misleading representations.
19 Accordingly, the Court dismisses Plaintiff's claim for negligent misrepresentation against
20 TB&W. Plaintiff's conclusory allegation that TB&W assumed the responsibilities and duties
21 owed to Plaintiff by purchasing/assuming the loan is insufficient to cure the FAC's pleading
22 deficiencies. The Court also concludes that Plaintiff fails to state a claim for negligent
23 misrepresentation against Platinum. Plaintiff does not allege what representations were made
24 by Platinum, only that "Mint and/or Platinum represented to Plaintiff that very favorable loans,
25 loan terms and interest rates were available to him." (Id. ¶ 14.) Plaintiff also only makes
26 conclusory allegations that the alleged representations made by Platinum were false or
27 misleading without any factual support to make Plaintiff's claim plausible. A representation
28 that very favorable terms are available is not a sufficient allegation to put Platinum on notice

1  of what representations concerning the terms of Plaintiff's loan were made by Platinum and
2  how any such representations were false. Plaintiff has not alleged the elements of the cause
3  of action. Accordingly, the Court dismisses Plaintiff's cause of action for negligent
4  misrepresentation against TB&W and Platinum for failure to state a claim. The Court also
5  notes that Plaintiff's cause of action for negligent misrepresentation may be subject to the
6  heightened pleading standard of Rule 9(b) and has failed to allege her negligent
7  misrepresentation claim with the requisite specificity. See Cadlo v. Owens-Illinios, Inc., 125
8  Cal.App.4th 513, 519 (2004) ("Each element in a cause of action for fraud or negligent
9  misrepresentation must be factually and specifically alleged.").

### E. Fraudulent Misrepresentation

Under California law, the elements of fraud are "false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir.1996) (quotations omitted). Under Federal Rule of Civil Procedure 9, a Plaintiff must plead fraud with particularity. Rule 9(b)'s particularity requirement applies to state-law causes of action." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Id. at 1106 (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir.1997)). "'[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.'" Id. at 1106 (quoting Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.), 42 F.3d 1541, 1548 (9th Cir.1994)). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud" are not. Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989). Further, Rule 9(b) requires a plaintiff to attribute particular fraudulent statements or acts to individual defendants. Id.

The Court dismissed Plaintiff's cause of action in the original complaint for fraudulent misrepresentation for failure to state a claim. (Doc. No. 13 at 12.) The FAC contains the same allegations as the complaint, without any amendment. (FAC ¶¶ 55-67.) Accordingly, the Court again concludes that Plaintiff does not sufficiently plead a cause of action for fraudulent

1  misrepresentation against Platinum and TB&W. Plaintiff fails to plead which Defendant made
2  what misrepresentation, when such misrepresentation was made, or where such
3  misrepresentation was made. Plaintiff's general statements that "Mint and Platinum made
4  various false misrepresentations to Plaintiff regarding the loan" and "Defendants made various
5  misrepresentations of material fact with respect to the loan" are insufficient to meet the
6  heightened pleading standard of Rule 9(b). Plaintiff has not attributed particular fraudulent
7  statements or acts to individual defendants. Accordingly, the Court dismisses Plaintiff's cause
8  of action for fraudulent misrepresentation against Platinum and TB&W.

9  **F. Quasi-Contract**

10  Plaintiff alleges on information and belief that either a contractual relationship exists
11  or a quasi-contractual relationship exists between her and TB&W due to TB&W being
12  assigned the Note and demanding that Plaintiff make payments to TB&W on the Note. (FAC
13  ¶¶ 74-75.) Plaintiff alleges that Defendants have received benefits from Plaintiff, such as
14  commissions, fees, costs, payments, and/or other money that the Defendants have unjustly
15  retained. (Id. ¶¶ 76-78.) Plaintiff alleges that she paid such fees, costs, commissions, and
16  payments to Defendants under the mistaken belief that she was under a duty to do so and
17  alleges that she is entitled to restitution based upon Defendants' unjust enrichment. (Id. ¶¶ 79-
18  80.)

19  Plaintiff's claim for quasi-contract is really a claim for unjust enrichment. Supervalu,
20  Inc. v. Wexford Underwriting Magers, Inc., 175 Cal.App.4th 64, 2009 WL 1538391 *9 (2009)
21  ("If an entity obtains a benefit that it is not entitled to retain, the entity is unjustly enriched.
22  The aggrieved party is entitled to restitution, which is synonymous with quasi-contractual
23  recovery.") A claim for unjust enrichment requires pleading "the receipt of a benefit and the
24  unjust retention of the benefit at the expense of another." Lectrodryer v. Seoulbank, 77
25  Cal.App.4th 723, 726 (2000)). "The mere fact that a person benefits another is not in itself
26  sufficient to require the other to make restitution therefor." Dinosaur Development, Inc., 216
27  Cal.App.3d at 1315. The Court dismisses Plaintiff's cause of action for quasi-contract against
28  Platinum and TB&W, as Plaintiff's claim is predicated on the other causes of action alleged

in the complaint and Plaintiff fails to state a claim against Platinum and TB&W for a violation of RESPA, TILA, CAL. CIV. CODE § 1632, negligent misrepresentation, and fraudulent misrepresentation.

### G. Determination of Validity of Lien

Plaintiff alleges that based upon the wrongful acts alleged in the complaint, that the security interest is invalid and unenforceable and that Defendants have forfeited any and all interest in the Subject Property. (FAC ¶¶ 81-85.) Plaintiff seeks a determination that the lien is invalid. (Id. ¶ 83.) As this cause of action is dependent upon Plaintiff's other causes of action, the Court concludes that Plaintiff fails to state a claim against Platinum and TB&W for determination of validity of lien. Accordingly, the Court dismisses Plaintiff's cause of action for determination of validity of lien against Defendants Platinum and TB&W.

### Conclusion

For the reasons set forth above, the Court GRANTS Defendants Platinum and TB&W's motion to dismiss Plaintiff's FAC. The Court dismisses Plaintiff's first, second, fourth, fifth, seventh, and eighth causes of action with leave to amend, and dismisses Plaintiff's third and sixth causes of action with prejudice as to Defendants Platinum and TB&W. Plaintiff may file a second amended complaint curing the noted deficiencies within 30 days of the date of this order.

**IT IS SO ORDERED.**

DATED: July 30, 2009

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT